# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD LEROY DRAPEAU,<br><br>Defendant / Judgment Debtor,<br><br>and<br><br>WASHINGTON STATE DEPT. OF RETIREMENT SYSTEMS,<br><br>Garnishee. | CASE NO. 18-mc-5032 BHS<br><br>(3:09-cr-5275-1 RJB)<br><br>ORDER DENYING GARNISHEE'S OBJECTION TO WRIT OF GARNISHMENT |

Before the Court is Garnishee Washington State Department of Retirement Systems's ("Department") objections to the writ of garnishment issued in this case. Dkts. 8, 11 (collectively "objections"). The Court has considered the pleadings filed in support of and in opposition to the objections and the remainder of the file and hereby denies the Department's objections for the reasons stated herein.

# I. FACTUAL & PROCEDURAL HISTORY

On December 18, 2009, the Honorable Robert J. Bryan entered a criminal judgment against defendant/judgment debtor Edward LeRoy Drapeau ("Mr. Drapeau"), adjudging him guilty of one count of wire fraud and one count of mail fraud. *United States v. Drapeau*, 09-cr-5275-1 RJB, Dkt. 25. The Court sentenced Mr. Drapeau to 18 months' imprisonment and ordered him to pay $502,475.78 in restitution.[1] *Id.* at 5.

On December 12, 2018, the United States filed an application for writ of garnishment ("writ"). Dkt. 1. The United States sought to enforce the writ to collect from the Department as garnishee on the belief that:

> [T]he Garnishee owes or will owe money or property to the Defendant/Judgment Debtor's spouse, Terry Lynn Drapeau (Mrs. Drapeau), or is in possession, custody or control of property in which Mrs. Drapeau holds a substantial nonexempt interest. Defendant/Judgment debtor has a presumptive community property interest in all property and income acquired by his spouse, Mrs. Drapeau, during their marriage.

Dkt. 1 at 2. On December 18, 2018, the Court entered an Order authorizing the issuance of the writ, Dkt. 3, and on December 20, 2018, the Clerk of Court issued the writ, Dkt. 4.

On December 20, 2018, the United States served the Department with the writ and its associated pleadings by U.S. mail. Dkt. 6. On December 24, 2018, the Department received the writ by mail. Dkt. 8 at 1.

On January 3, 2019 the Department answered the writ, indicating it had control over a teacher's retirement account belonging to Mrs. Drapeau valued at $155,000. Dkt. 8 at 3. However, the Department objected to the service of the writ and claimed property

---

[1] As of April 4, 2019, $478,193.92 remained outstanding. Dkt. 17-1.

exemptions to the United States' ability to collect Mrs. Drapeau's retirement benefits. *Id.* at 6–10. The Department detailed its arguments regarding service and collection in a legal memorandum attached to its answer filed by the Washington State Attorney General's Office. *Id.*

On March 25 and 28, 2019, the United States re-served all parties with the writ and related documents via personal delivery by the United States Marshals Service. *See* Dkts. 12 (the Department), 13 (the Washington State Office of Attorney General), 14 (Mr. Drapeau), 15 (Mrs. Drapeau).

On April 4, 2019, the Department filed additional objections. Dkt. 11. In its April 4 pleading, the Department incorporated its earlier objections, continued to contest service, and asserted that the United States' attempt to cure service by personal delivery of the writ failed because such service fell outside the 90-day deadline for service of a complaint under Fed. R. Civ. P. 4(m). *Id.*

## II.  DISCUSSION

**A.  Service of Writ**

Under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A *et seq.*, the United States may enforce a criminal restitution order "in accordance with its civil enforcement powers." 18 U.S.C. § 3613(a). In turn, the Federal Debt Collection Practices Act ("FDCPA"), 28 U.S.C. § 3001 *et seq.*, sets forth the civil enforcement procedures the United States uses to recover restitution debts. 28 U.S.C. § 3001(a)(1); *see also United States v. Mays*, 430 F.3d 963, 965–66 (9th Cir. 2005) (FDCPA applies to United States' collection of criminal restitution debts under MVRA). As authorized by

§ 3613(a) of the MVRA, the United States obtained the writ of garnishment under the FDCPA. Dkt. 4 at 1. The FDCPA authorizes the United States to serve the writ on the Department in any manner consistent with the Federal Rules of Civil Procedure. 28 U.S.C. § 3004(a).

The Department argues that the United States' service of the writ was improper, asserting that to be effective, the writ had to be served in the manner provided by Federal Rule of Civil Procedure 69(a), which requires compliance with state law. Dkts. 8 at 7–8, 11 at 2–3; Fed. R. Civ. P. 69(a). In turn, RCW 4.92.020, made applicable to garnishment proceedings via RCW 6.27.040, dictates that summonses in civil actions brought against Washington State must be served directly on the Office of the Attorney General (as opposed to service on the Department). RCW 4.92.020.

The United States does not dispute that service by mail was improper under Washington law. Rather, the United States counters that (1) Rule 69(a) does not control service of the writ, because the rule governs writs of execution, as opposed to writs of garnishment; (2) in the alternative, that Rule 69(a) expressly authorizes that any federal statute "governs to the extent it applies"; (3) that service was proper under the FDCPA, which authorizes service of a writ in accordance with the Federal Rules of Civil Procedure, and Fed. R. Civ. P. 5(b)(2)(C), which authorizes service by mail at a person's last known address; and (4) that in any case, the United States re-served the garnishment on the Department via a Deputy United States Marshal as provided by Rule 4.1(a), governing service of process of papers other than a summons and complaint. Dkt. 16 at 4–5.

Examining these arguments, the Court rejects the United States' assertion that service of the writ by mail was proper under Fed. R. Civ. P. 5(b)(2)(C). Rule 5 only governs service of "pleadings and other papers." Fed. R. Civ. P. 5. Rule 4, of course, provides more stringent requirements governing service of a summons. Fed. R. Civ. P. 4. "Ordinarily, a writ of garnishment should be served as any other summons." LONNIE E. GRIFFITH, JR., 6 AM. JUR. 2D Attachment and Garnishment § 339 (2d. ed. Feb. 2019 Update) (citing *In re American Freight System*, Inc., 153 B.R. 906 (Bankr. D. Kan. 1993) (applying Kansas law) and *Woods v. Quarles*, 178 Ark. 1158, 13 S.W.2d 617 (1929)). Unlike Rule 5(b)(2)(C), Rule 4 does not authorize service of a summons on a state or local government agency by mail. Fed. R. Civ. P. 4(j)(2).

However, the United States endeavored to cure the defect in service by serving the Department and the Office of the Attorney General directly via Deputy United States Marshal on March 25, 2019. Dkts. 12, 13. The United States contends that this re-service of the writ on the Department was "consistent with Federal Rule of Civil Procedure 4.1's requirements for serving 'process' other than a summons and complaint." Dkt. 16 at 5. The Court need not belabor the analysis over whether a writ of garnishment more aptly constitutes a "process" or a "summons." Service of the writ and its associated pleadings via personal delivery by United States Marshal satisfied Rule 4.1(a)'s requirements for service of process and Rule 4's requirement for service of a summons on a state or local government, which includes "any other state-created government organization." Fed. R. Civ. P. 4.1; Fed. R. Civ. P. 4(j)(2). This personal delivery, like the service by mail the United States attempted in December 2018, provided the Department with actual notice

of the writ. *See* Dkts. 8 at 6, 11 at 2 (acknowledging receipt of the writ on December 24, 2018, and on March 25, 2019, respectively). Therefore, service of the writ on the Department complied with the Federal Rules of Civil Procedure.

Finally, service of the writ on March 25, 2019 was timely. Under the FDCPA, the United States may serve the writ at any time before the "postjudgment remedy is put into effect." 28 U.S.C. § 3004(c). The United States has yet to move for a "disposition order" under 28 U.S.C. § 3205(7), which, if entered by the Court, would have the effect of enforcing the post-judgment remedy sought by the United States in this action. Because the United States served the writ on the Department prior to any enforcement of the remedy sought, service was timely as of March 25, 2019. Therefore, the Department's objection on the basis that service was improper is denied.

**B.     Merits of Objections**

The Department objects to the garnishment on the grounds that (1) Mrs. Drapeau's retirement benefits are exempt from collection under federal and state law; (2) Mrs. Drapeau does not have a present right to collect the retirement benefits; and (3) Mr. Drapeau possesses no present, tangible right to Mrs. Drapeau's retirement benefits.

   **1.     Exemption of Retirement Benefits**

First, the Department objects on the basis that Mrs. Drapeau's retirement account is exempt from garnishment under federal and state law. Dkt. 8 at 8.

The MVRA broadly permits the United States to enforce a restitution order against "all property or rights to property of the person fined," notwithstanding any other federal law. 18 U.S.C. § 3613(a). Section 3613(a) of the MVRA limits the exemptions that apply

to the collection of restitution debt to certain tax levy exemptions enumerated in the Internal Revenue Code.[2] Notably, § 3613(a) does not provide any exemption for a restitution debtor's community property interest in a spouse's retirement benefits. Moreover, the Ninth Circuit has recognized that the MVRA's "notwithstanding" clause overcomes anti-alienation provisions contained in other federal statutes. Analyzing the issue en banc in *United States v. Novak*, 476 F.3d 1041, 1049 (9th Cir. 2007), the Circuit held that when enacting the MVRA, "Congress intended to override [the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA")] anti-alienation provision and allow the government to reach defendants' ERISA-covered retirement plan benefits when enforcing criminal restitution orders." The Department therefore fails to demonstrate that Mrs. Drapeau's retirement account is exempt from garnishment under federal law. Accordingly, the Department's objection on the ground that federal law does not permit garnishment is denied.

Neither do state law property exemptions defeat the United States' enforcement of the restitution debt. Section 3613(a)(2) of the MVRA expressly states that state law exemptions to garnishment that would otherwise be applicable under the FDCPA, 28

---

[2] 18 U.S.C. § 3613(a), applicable to restitution under subsection 3613(f), allows a judgment imposing a fine to be enforced against all property or rights to property of the person fined, except those exempt pursuant to 26 U.S.C. § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986. Section 6334 exempts, in relevant part: (1) Wearing apparel and school books; (2) Fuel, provisions, furniture, and personal effects; (3) Books and tools of a trade, business, or profession; (4) Unemployment benefits; (5) Undelivered mail; (6) Certain annuity and pension payments; (7) Workmen's compensation; (8) Judgments for support of minor children; (10) Certain service-connected disability payments; and (12) Assistance under Job Training Partnership Act. 26 U.S.C. § 6334(a) (1)-(8), (10), (12).

U.S.C. § 3014, do not apply to a federal action seeking the collection of a criminal restitution debt under the MVRA. 18 U.S.C. § 3613(a)(2) ("section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law.")

Still, the Department invokes § 3205(a) of the FDCPA, which provides that "[c]o-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located." 28 U.S.C. § 3205(a). Thus, the FDCPA and the MVRA conflict in that the MVRA allows the United States to enforce a restitution order through garnishment of "all property or rights to property" of the judgment debtor, while the FDCPA protects against garnishment of co-owned property to the extent the co-owned property is also protected under state law. 18 U.S.C. § 3613(a); 28 U.S.C. § 3205(a).

The United States concedes that the Ninth Circuit has not yet "squarely address[ed] the interplay between the MVRA and FDCPA in the context of a restitution debtor's community property interest in a spouse's earnings or retirement benefits." Dkt. 16 at 7. However, it points to two Fifth Circuit cases, *United States v. Elashi*, 789 F.3d 547, 552–53 (5th Cir. 2015), and *United States v. Loftis*, 607 F.3d 173, 179 n.7 (5th Cir. 2010), that both stand for the proposition that the MVRA overrides the FDCPA's incorporation of state-law protections for co-owned property.

In *Loftis*, the court held that a husband's community property interest in his wife's retirement benefits was subject to garnishment by the United States under the MVRA. *Loftis*, 607 F.3d at 179 n.7. In so concluding, the court determined that the FDCPA yielded to the MVRA under the FDCPA's own rule of construction, which provides that

the FDCPA "shall not be construed to curtail or limit the right of the United States under any other Federal law" to enforce criminal restitution orders. *Loftis*, 607 F.3d at 179 n.7 (citing 28 U.S.C. 3003(b)(1)). In *Elashi*, the court similarly concluded that the MVRA allowed the United States to enforce a criminal restitution debt against the defendant's community property interest in his wife's wages, which were exempt from collection under state law. *Elashi*, 789 F.3d at 552. The court reasoned that the MVRA's "notwithstanding" clause "underscores the conclusion that the state-law limitations in the FDCPA are inapplicable when the United States is enforcing a federal criminal debt." *Id.* The Court finds no reason why the Fifth Circuit's reasoning should not apply with equal force here. Therefore, the Court concludes that although the MVRA and the FDCPA have conflicting provisions on the applicability of state-law property exemptions, the MVRA controls. The Department's objection to the garnishment in reliance on Washington law property exemptions, incorporated into the FDCPA under § 3205(a), is accordingly denied.

2. **Present Right to Retirement Benefits**

Next, the Department objects that neither Mr. nor Mrs. Drapeau has any present right to disbursement of Mrs. Drapeau's retirement benefits, so those benefits cannot be garnished. Dkt. 8 at 8–9; Dkt. 11 at 2 (incorporating objections from Dkt. 8). The Department's arguments fail for two reasons.

First, the Department wrongly assumes the United States seeks to use the writ to acquire an immediate lump sum garnishment of Mrs. Drapeau's retirement account. Dkt. 8 at 11 (citing *Novak*, 476 F.3d at 1063, for the proposition that lump sum garnishment of

a defendants' retirement account is permissible "only if, the terms of the plan allow the defendant to demand a lump sum payment at the present time."). The United States counters that it "does not claim a right to force the Department to disburse" the benefits immediately. Dkt. 16 at 9. Moreover, the United States explains that the continuing nature of the writ allows it to collect a portion of the benefits when, "after retirement or some other qualifying event, Mrs. Drapeau receives disbursements." *Id.* Under the FDCPA, writs of garnishment are continuing in nature, terminating only by court order, exhaustion of the debtor's property in the hands of the garnishee, or satisfaction of the debt. 28 U.S.C. § 3205(a). Therefore, the fact that neither Drapeau has a present right to collect Mrs. Drapeau's retirement benefits, or alternatively, that neither has a right to unilaterally cash out the account, is immaterial to the question of whether the writ attaches to Mr. Drapeau's community property interest in the benefits.[3]

Second, both the FDCPA and the MVRA support the conclusion that the writ attaches to Mr. Drapeau's interest in the retirement benefits, even if that interest is assumed to be an intangible future interest. *See* 28 U.S.C. § 3002(12) (broadly defining property under the FDCPA as "any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts)); 18 U.S.C. § 3613(a)(1) (authorizing enforcement of a restitution debt under the MVRA against "all

---

[3] Mr. Drapeau possess a community property interest in Mrs. Drapeau's retirement benefits under state law. *See* RCW 26.16.030; RCW 6.15.020(6).

property or rights to property" of the judgment debtor). When interpreting the MVRA, the *Novak* court noted that the Supreme Court has previously interpreted "[t]he statutory language 'all property and rights to property,'" in the context of the tax code, finding that the language "is broad and reveals on its face that Congress meant to reach *every* interest in property . . . ." of a judgment debtor. *Novak*, 476 F.3d at 1046 (citing *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719 (1985) (emphasis added) (quoting 26 U.S.C. § 6321). Thus, the writ of garnishment attaches to Mr. Drapeau's community property interest in his wife's retirement benefits, regardless of the current status of his interest in the account. Therefore, the Department's objections to the writ on this basis are denied.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Department's objections to the writ of garnishment, Dkts. 8, 11, are **DENIED**.

Dated this 22nd day of May, 2019.

BENJAMIN H. SETTLE
United States District Judge